1  **WO**

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF ARIZONA**

8   Robert McGill and Lorraine McGill,

9                    Plaintiffs,                    No. CV 12-01671-PHX-DGC

10          v.                                      **ORDER**

11  National Specialty Insurance Company,
    Knightbrook Insurance Company; Knight
12  Management Insurance Services, LLC;
    Peakstone Financial Services, Inc.; Payless Car
13  Rental System, Inc.; PCR Venture of Phoenix,
    LLC; Dennis Randall Fisher, Jr.; ABC
14  Corporations I-X; XYZ Partnerships I-X; and
    John And Jane Does I-X,
15
16                   Defendants.

17

18          Pending before the Court are a motion to dismiss for failure to state a claim filed

19  by Defendants Payless Car Rental System Incorporated ("Payless"), PCR Venture of

20  Phoenix LLC ("PCR Venture"), and Mr. Dennis Fisher ("Mr. Fisher") (collectively

21  referred to herein as "the Rental Defendants") (Doc. 5), a motion for Rule 56(d) relief

22  filed by Plaintiffs Robert McGill and Lorraine McGill ("Plaintiffs") (Doc. 15), a motion

23  to dismiss for failure to state a claim filed by Defendant Peakstone Financial Services

24  Incorporated ("Peakstone") (Doc. 51), and a motion to dismiss filed by the Rental

25  Defendants and Defendants Knight Management Insurance Services LLC ("Knight"),

26  KnightBrook Insurance Company ("KnightBrook"), and National Specialty Insurance

27  Company ("National Specialty") (collectively referred to herein as "the Insurance

28  Defendants") (Doc. 57).  The motions are fully briefed.  For the reasons set forth below,

the Court will deny the requests to dismiss the claims against Mr. Fisher and require completion of the briefing on the motion to remand before ruling on any other motion.[1]

**I.     Background.**

On February 17, 2010, Michael Bovre ("Mr. Bovre") rented a vehicle from Payless Car Rental.  Doc. 40 at 3.  The rental agreement stated: "___ BY INITIALING HERE, YOU DECLINE TO PURCHASE SUPPLEMENTAL LIABILITY INSURANCE AND YOU AGREE TO BE PRIMARILY RESPONSIBLE FOR ALL DAMAGE OR INJURY YOU CAUSE TO OTHERS OR THEIR PROPERTY."  *Id.*  Mr. Bovre did not initial next to the preceding statement.  *Id.* at 3-4.  At the time of contract formation, Mr. Bovre believes that Mr. Fisher, a Payless desk agent, advised him that the rental agreement provided Supplemental Liability Insurance ("SLI") coverage.  *Id.* at 4.

On March 1, 2010, Mr. Bovre was involved in a car accident while driving the rental vehicle.  *Id.*  Plaintiffs sustained significant permanent injuries as a result of this accident.  *Id.*

On February 8, 2011, Plaintiffs filed a civil action against Mr. Bovre and submitted a settlement demand for $1,500,000.  *Id.*  The settlement demand was for an amount within the total available liability limits and protection afforded by the following: (1) Mr. Bovre's personal liability insurance limit of $500,000 provided by Travelers Insurance Company ("Travelers"), (2) SLI coverage of $1,000,000 provided by Sonoran National Insurance Group ("Sonoran"), National Specialty and/or KnightBrook, and (3) Payless's mandatory rental car coverage of $30,000 pursuant to A.R.S. § 28-2166.  In response to the settlement demand, Travelers and Payless agreed to make $530,000 immediately available in exchange for a full and final release of all claims against Mr. Bovre and a dismissal of the lawsuit.  *Id.* at 4-5.  Knight, Sonoran, National Specialty,

---

[1] The requests for oral argument are denied.  The parties' briefings and other submissions have amply addressed the issues raised by these motions, and the Court concludes that oral argument will not aid its decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

KnightBrook, and Payless denied SLI coverage to Mr. Bovre and denied any responsibility to defend or indemnify Mr. Bovre in any lawsuit brought by Plaintiffs. *Id.* at 5. Due to this denial, Mr. Bovre was not able to obtain a full and final release of all claims and a dismissal of Plaintiffs' lawsuit. *Id.*

Mr. Bovre was concerned about the substantial possibility of a jury verdict awarding more than $530,000, and desired to protect his interests by entering into a settlement agreement with Plaintiffs. *Id.* Plaintiffs agreed to limit their claims against Mr. Bovre by executing a covenant not to execute against him in exchange for the $530,000 payment from Travelers and Payless, and an assignment of any and all rights Mr. Bovre may have had against Defendants under Arizona law. *Id.* at 6.

Plaintiffs subsequently filed this action in state court. Defendants removed the case to this Court on the basis of diversity jurisdiction. Doc. 1. Plaintiffs assert claims for breach of contract, breach of the covenant of good faith and fair dealing, negligence (including claims of insurance producer/marketer malpractice and negligent misrepresentation), and punitive damages. Doc. 40 at 6-7. After removal, Plaintiffs filed an amended complaint (Doc. 40) naming Mr. Fisher, a citizen of Arizona, as a defendant (*Id.* at 3). Plaintiffs then filed a motion to remand on the ground that diversity jurisdiction no longer existed with Mr. Fisher in the case. Doc. 46.

During a telephone conference with the parties on October 24, 2012, Defendants objected to Plaintiffs adding Mr. Fisher without having filed a Rule 15 motion and also stated that they planned to assert fraudulent joinder as a defense to Plaintiffs' motion to remand. Doc. 50. The Court stayed briefing of the motion to remand and required Defendants to file motions to dismiss addressing the propriety of Mr. Fisher's joinder. *Id.* The Court informed the parties that briefing on the motion to remand would be completed after the joinder issue was decided. *Id.*

**II.    Fraudulent Joinder.**

    **A.    Legal Standard.**

"If after removal the plaintiff seeks to join additional defendants whose joinder

would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The Court's decision to deny or permit joinder is discretionary.  *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998).  Fraudulent joinder, as claimed by the Rental and Insurance Defendants, provides the Court a reason to exercise its discretion under § 1447(e) and deny joinder.  It occurs when a plaintiff fails to state a cause of action against the defendant and the failure is obvious according to the settled rules of the state. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).  There is a general presumption against fraudulent joinder, and Defendants bear the burden of proof. *Hamilton Materials, Inc. v. Dow Chem. Co.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

"Relevant factors to the court's inquiry under § 1447(e) include:  (1) whether the party sought to be joined is a necessary party under Rule 19(a), Fed. R. Civ. P.; (2) the plaintiff's motive for seeking joinder; (3) the delay adding the new defendant; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied." *Huffman v. American Family Mut. Ins. Co.*, No. CV 10-2809-PHX-FJM, 2011 WL 814957, at *1 (D. Ariz. Mar. 4, 2011).

**B.    Analysis.**

**1.    Rule 19(a).**

Rule 19(a) requires joinder of persons whose absence would preclude granting complete relief, would impede their ability to protect their interests, or would subject any of the parties to the danger of inconsistent results.  "In analyzing joinder under § 1447(e), however, the standard is less restrictive."  *Huffman,* 2011 WL 814957 at *2.  The standard is met when failure to join will lead to separate and redundant actions, but is not met when the proposed defendant is only tangentially related to the action or would not prevent complete relief. *Id.; see also Falcon v. Scottsdale Ins. Co.*, No. CV-06-122-FVS, 2006 WL 2434227, at *2 (E.D. Wash. Aug. 21, 2006) (noting that "[c]ourts have approved discretionary joinder where there is a high degree of involvement by the

defendant in the occurrences that gave rise to the plaintiff's cause of action." (citing *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376, 1373-74 (9th Cir. 1980))).

The Rental and Insurance Defendants argue that Mr. Fisher is not a necessary party under Rule 19(a) because Plaintiffs have established claims against Mr. Fisher's employer, Payless, and because Plaintiffs have failed to allege any facts regarding Mr. Fisher's individual liability.  Doc. 57 at 8.  Plaintiffs contend that "[t]here is no Ninth Circuit case holding that the joinder must meet the Rule 19(a) criteria."  Doc. 63 at 8 (citing *City of Bellingham v. Granite State Ins. Co.*, No. C05-429P, 2005 WL 1383976, at *1 (W.D. Wash. June 9, 2005) (noting that "courts in other circuits have held that "the non-diverse party need not be indispensable under § 1447(e).")).

Mr. Fisher is alleged to be significantly involved in the occurrence giving rise to Plaintiffs' claims.  Plaintiffs allege that Mr. Fisher was the desk manager who advised Mr. Bovre that he was covered by SLI and who failed to communicate to Mr. Bovre the amount of liability insurance he carried as of the time of the rental.  This level of involvement satisfies the less restrictive joinder standard under § 1447(e).  *Huffman*, 2011 WL 814957 at *2; *Falcon*, 2006 WL 2434227 at *2.  This factor weighs against fraudulent joinder.

### 2.    Motive.

The second factor looks at "the motive of a plaintiff in seeking the joinder of an additional defendant."  *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (noting that motive is particularly relevant in removal cases when the presence of a new defendant will defeat the court's diversity jurisdiction).  The Rental and Insurance Defendants submit that Plaintiffs have admitted that the only reason for joining Mr. Fisher is to defeat diversity jurisdiction.  Doc. 57 at 8.  Plaintiffs assert that they joined Mr. Fisher for many reasons, including:  (1) Payless has not admitted that Mr. Fisher was its employee at the time the rental agreement was formed with Mr. Bovre; (2) even if Payless admits Mr. Fisher was its agent, Mr. Fisher is still a proper defendant because

there is a valid claim against Mr. Fisher for negligent misrepresentation;  (3) Mr. Fisher may have diverse interests from Payless; and (4) since Mr. Fisher was selling insurance there is a question as to whether he was a licensed insurance marketer or salesman and whether he carried liability insurance.  Doc. 63 at 8-9.

Plaintiffs original complaint did not name Mr. Fisher as a defendant, suggesting that Plaintiffs added him in this Court solely to destroy diversity jurisdiction.  The original complaint made only one reference to the Payless desk agent:  "the Payless Car Rental desk person, while acting within the course and scope of his employment or agency with the defendants, advised Mr. Bovre that he was covered by SLI coverage."  Doc. 1-2 at 39.  Plaintiffs did include John Doe defendants in the heading of their original complaint (Doc. 1-3 at 36), but the body of that complaint provides no other indication that Plaintiffs intended to bring any claims against Mr. Fisher.  Thus one could justifiably suspect that Plaintiffs chose to amend the complaint and join Mr. Fisher because of the removal.  This factor weighs in favor of fraudulent joinder.

### 3.     Delay.

The third factor looks at whether the defendant was joined in a timely fashion. The Rental and Insurance Defendants submit that Plaintiffs made no attempt to identify Mr. Fisher until after removal.  Doc. 57 at 8.  Plaintiffs submit that Mr. Fisher was joined two weeks after his identity was provided, and that any delay was the result of Payless's failure to identify him.  Doc. 63 at 9.  Plaintiffs have not engaged in serious delay.  Mr. Fisher was named during the early stages of the case, before significant discovery commenced and while pleading motions were still pending.  *See Harris Enters. LLC v. Hospitality Staffing Solutions LLC*, No. CV12-0269 PHX DGC, 2012 WL 1520127, at *2 (D. Ariz. Apr. 30, 2012) (finding that a two-week delay between discovery of the newly joined defendant's identity and the filing of the motion to amend was not a serious a delay).  This factor therefore weighs against fraudulent joinder.

### 4.     Statute of Limitations.

The fourth factor considers whether the statute of limitations would bar a future

action against Mr. Fisher in state court if he were dismissed from this action.  The Rental and Insurance Defendants assert that the statute of limitations bars all negligence claims brought against Mr. Fisher, and the Rental Defendants' assert in their motion to dismiss that the statute of limitations bars all negligence claims.  Doc. 57.  Plaintiffs agree that the statute of limitations would bar a claim against Mr. Fisher in state court.  Doc. 63 at 9. The Court has not yet addressed the statute of limitations issue, but accepts the parties' positions for purposes of the § 1447(e) analysis.  This factor weighs against fraudulent joinder.

### 5.   Strength of Claim.

The fifth factor considers the strength of the claims against Mr. Fisher.  The Rental and Insurance Defendants argue that it is unlikely Plaintiffs have a valid claim against Mr. Fisher because Mr. Fisher was acting within the scope and course of his employment, and Arizona does not recognize a claim of insurance producer/marketer malpractice. Doc. 57.  Plaintiffs submit that their claim against Mr. Fisher "for failing to exercise reasonable care, skill and diligence in carrying out his duty to procure SLI that he informed [Mr. Bovre] had been provided" is valid under Arizona law.  Doc. 63 at 6. Additionally, Plaintiffs contend they have asserted valid claims against Mr. Fisher for negligent misrepresentation and insurance producer/marketer malpractice.  Doc. 63 at 9.

Plaintiffs' claim for insurance producer/marketer malpractice is based on the allegation that Defendants failed "to place and/or advise Mr. Bovre about the insurance he carried as of the time of rental" and Defendants' failure "to exercise reasonable care, skill and diligence in carrying out their duties in procuring insurance, specifically the SLI coverage."  Doc. 40 at 6-7.  In *Webb v. Glitten*, the Arizona Supreme Court held that a professional negligence claim against a licensed insurance agent was assignable.  174 P.3d 275, 279-81 (Ariz. 2008) (citing *Darner Motor Sales, Inc. v. Universal Underwriters Inc. Co.*, 682 P.2d 388, 402 (Ariz. 1984) (holding that insurance agents owe a duty to the insured to exercise reasonable care, skill and diligence in carrying out the duty to procure insurance); *Sw. Auto Painting & Body Repair, Inc. v. Binsfield*, 904

1    P.2d 1268, 1272 (Ariz. Ct. App. 1995) (holding that it was a question of breach, not duty,

2    whether an agent's failure to advise a client about additional insurance gives rise to

3    liability)).   The Rental and Insurance Defendants argue that although Arizona law may

4    recognize professional negligence claims against *licensed* insurance agents, there is no

5    such claim against an *unlicensed* employee at a car rental agency.  Doc. 57 at 12.  At this

6    stage in the litigation, before discovery or motions for summary judgment, the Court

7    generally must accept the factual allegations of the complaint as true and cannot

8    determine that Mr. Fisher is a not licensed insurance agent or did not have the training or

9    experience selling insurance to give rise to a duty of care.

10         The Rental and Insurance Defendants also point to A.R.S. § 20-331(A), which

11   authorizes rental car companies to act as a rental car agent and sell insurance without an

12   individual licensee in each office if the company complies with the section's

13   requirements.  The statute also provides that "[a]ny salaried employee of a rental car

14   agent may act on behalf and under supervision of the rental car agent in matters relating

15   to the conduct of business under the license issued pursuant to this section," and that

16   "[t]he conduct of an employee or agent of a rental car agent acting within the scope of

17   employment or agency is deemed the conduct of the rental car agent for purposes of this

18   article."  A.R.S. § 20-331(F).  Further, "a rental car agent shall not . . . advertise,

19   represent or otherwise portray itself or any of its employees or agents as licensed insurers

20   or insurance producers."  A.R.S. § 20-331(H)(2).   Defendants argue that this statute

21   renders Plaintiffs' insurance producer/marketer malpractice claim against Mr. Fisher

22   unsustainable.  Doc. 57 at 10.  Plaintiffs contend that A.R.S. § 20-331 does not create an

23   exception to the rule that an agent/employee is not excused from responsibility for his

24   own tortious conduct merely because he is acting for his principal/employer, and that a

25   question of fact exists as to whether Payless complied with A.R.S. § 20-331's

26   requirements.  Doc. 63 at 11, 13.  Given the pleading stage of this litigation and the lack

27   of factual development, the Court cannot say that Plaintiffs' claim against Mr. Fisher for

28   professional negligence is invalid.

1    Furthermore, the Rental and Insurance Defendants do not argue that Plaintiffs'
2    negligent misrepresentation claim against Mr. Fisher is invalid, and indeed it would
3    appear that Mr. Fisher's direct involvement in the allegedly wrongful conduct underlying
4    that claim supports its validity.  Because Plaintiffs may have valid claims against Mr.
5    Fisher, this factor weighs against fraudulent joinder.

6    **6.    Prejudice to Plaintiff.**

7    The final factor considers the potential prejudice to a plaintiff that could result if
8    joinder is denied.  *Newcombe*, 157 F.3d at 691.  The Rental and Insurance Defendants
9    assert that it is unlikely Plaintiffs would actually file a second action against Mr. Fisher if
10   joinder were denied given the "shaky and unnecessary nature" of Plaintiffs' claims
11   against Mr. Fisher and the fact that it is unlikely Plaintiffs could collect a judgment
12   against Mr. Fisher individually.  Doc. 57 at 9.  Plaintiffs state they would suffer
13   substantial prejudice if joinder is denied because they would be prevented from
14   prosecuting their claims simultaneously against employer/employee, and would also be
15   prejudiced "if they were denied their right to prosecute this case in the venue of their
16   choosing, i.e., Arizona State Court."  Doc. 63 at 9.

17   The denial of Plaintiffs' motion to remand does not constitute prejudice if this
18   action was properly removed.  Additionally, if Mr. Fisher does not remain a party in this
19   case, Plaintiffs could obtain all of the evidence he possess by deposing him during
20   discovery and subpoenaing him to testify at trial if he remains in Arizona.  *See* Fed. R.
21   Civ. P. 45.  On the other hand, requiring Plaintiffs to litigate the same issues in two
22   forums would be a waste of judicial resources and would also increase the risk of
23   inconsistent results.  Moreover, as the Court noted above, it is unclear if Plaintiffs could
24   bring a separate action against Mr. Fisher due to the statute of limitations.  This factor
25   weighs evenly in favor and against a finding fraudulent joinder.

26   **7.    Summary.**

27   Four of the six relevant factors weigh against a finding of fraudulent joinder.  The
28   Rental and Insurance Defendants have not overcome the presumption against fraudulent

joinder.  The Court therefore will deny the motion to dismiss the claims against Mr. Fisher.

**III.    Motion to Remand.**

Plaintiffs have moved to remand this case to state court in light of the lack of diversity jurisdiction with Mr. Fisher as a Defendant.  Doc. 46.  The motion has not been fully briefed.  It appears to the Court that remand is now mandatory.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The Court nonetheless will permit briefing of the motion to be completed before deciding whether remand is warranted.  Defendants shall file a single, joint response to the motion to remand by January 4, 2013.  Plaintiffs shall file a reply by January 11, 2013.  The Court will decide the motion to remand before addressing the pending motions to dismiss.

**IT IS ORDERED:**

1.    The requests to dismiss Mr. Fisher on the basis of fraudulent joinder are **denied.**

2.    Defendants shall file a single, joint response to the motion to remand by **January 4, 2013**.  Plaintiffs shall file a reply by **January 11, 2013**

Dated this 18th day of December, 2012.

David G. Campbell
United States District Judge