**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KnightBrook Insurance Co., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Payless Car Rental System, Inc., et al.,<br><br>Defendants. | No. CV12-01671-PHX-DGC<br><br>**ORDER** |

Plaintiffs KnightBrook Insurance Company and Knight Management Insurances Services, L.L.C. have filed a motion for reconsideration. Doc. 150. The motion concerns the Court's previous ruling that permitted Defendants to amend their answer and assert counterclaims. Doc. 141. Plaintiffs allege that "[s]everal statements in the [Court's] Order contain misapprehensions of substantive Arizona insurance law and the terms of the commercial auto policy issued by KnightBrook Insurance Company to PCR Venture." *Id*. at 1. The Court will deny Plaintiffs' motion.

Plaintiffs assert that "the Court has overlooked an important aspect of Arizona insurance law: an insured must have made a claim before it can assert a cause of action for bad faith against its insurer." *Id*. at 2. Plaintiffs made this argument in their opposition to Defendants' motion for leave to amend. Motions for reconsideration should not be used to restate arguments previously made or to ask the Court to rethink its analysis. *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)).

1 The Court does not find Plaintiffs' new variation of their argument – that bad faith arises only after a claim has been filed – to be substantially different from the argument they made previously. The Court rejects this argument for the reasons stated in its order. Doc. 141. Whether Defendants can succeed in asserting a bad faith claim on the facts of this case will be decided at summary judgment or trial.

Plaintiffs take issue with a statement in the Court's order that "it appears that Defendants were covered even in their role as agents by Plaintiffs' insurance policy." Doc. 141 at 7. By stating what "appears" to be the case, the Court was simply providing additional support for its conclusion. The statement was not intended, and is not, a definitive ruling in this case on whether Defendants were covered by the policy.

Plaintiffs also argue that the Court incorrectly cited Plaintiffs' brief for the proposition that "no [fiduciary] duties arise in the principal-agent context." Doc. 150 at 8. Read in context, the Court was referring to Plaintiffs' argument that they did not owe fiduciary duties to Defendants, not to any admission that Defendants did not owe fiduciary duties to them. The Court specifically stated, in any event, that it cannot address the breach of fiduciary duty issues until a more complete factual record has been developed. Doc. 141 at 7. The Court has not foreclosed Plaintiffs from making arguments in support of their claims in this case.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 150) is **denied**.

Dated this 11th day of December, 2013.

_____
David G. Campbell
United States District Judge

- 2 -