1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    KnightBrook Insurance Company and        No. CV12-1671 PHX DGC
     Knight Management Insurance Services,
10   LLC,                                      **ORDER**

11                        Plaintiffs,

12   v.

13   Payless Car Rental System, Inc.; PCR
     Venture of Phoenix, LLC,
14
                          Defendants.
15

16

17          Plaintiffs have filed a motion for reconsideration.  Doc. 264.  The motion argues

18   that the Court's order dated September 3, 2014 (Doc. 261) misapprehended Bovre's

19   relationship with attorney Collins.  It argues that Collins represented Travelers and not

20   Bovre, undercutting the basis for the Court's ruling.  The Court will deny the motion in

21   part and require Defendants to respond to one issue.

22          Plaintiffs' only response to paragraphs 23 and 24 of Defendants' statement of facts

23   was an objection based on the attorney-client privilege.  Doc. 224 at 14.  Plaintiffs did not

24   dispute the substance of the paragraphs or the deposition testimony cited, which the Court

25   has read.  *See* Doc. 224-2 at 77-79.  The Court does not find Plaintiffs' privilege

26   objection well founded, both because Mr. Bovre testified freely about the subjects at

27   issue after being told that he did not need to reveal privileged communications (*id.*), and

28   because the Court doubts Plaintiffs' standing to assert Bovre's privilege.  Paragraphs 23

and 24 of Defendants' statement of facts assert that, before June 24, 2010, (1) Bovre explained to Collins that he believed he should have received SLI coverage, and (2) Bovre understood Collins represented him in pursuing such coverage.  Doc. 224 at 14. With Plaintiffs' privilege objection overruled, these facts are undisputed.  In addition, it is clear that Bovre knew by June 24, 2010 that the desk agent had failed to create a written contract that clearly included SLI coverage.  Given these undisputed facts, Bovre had reason to know before June 24, 2010 that the desk agent had failed to document the SLI coverage Bovre thought he was getting, and that Bovre had caused injuries to the McGills far in excess of his other insurance coverage.

For the statute of limitations to be triggered, Bovre must have had knowledge sufficient to identify that (1) a wrong occurred and (2) caused injury.  *Walk v. Ring*, 44 P.3d 990, 996 (2002).  By June 24, 2010, the first requirement was satisfied – Bovre possessed knowledge sufficient to recognize that a wrong had occurred (the desk agent had failed to document the SLI coverage, creating a significant problem for Bovre).  The Court will deny Plaintiffs' motion to reconsider on this issue.

The Court will require Defendants to respond to a second issue – whether Bovre suffered appreciable, non-speculative harm before June 28, 2010.  *See Commercial Union Ins. Co. v. Lewis & Roca*, 902 P.2d 1354, 1358 (Ariz. 1995).  Plaintiffs argued in their response to Defendants' motion for summary judgment that harm did not occur until SLI coverage was denied on July 1, 1010.  The Court rejected this argument on the ground that Bovre had been forced to hire counsel before that date.  Doc. 261 at 6 n.2.  Materials identified in the motion to reconsider, and provided as part of the summary judgment briefing, suggest that Collins was hired by Travelers, not Bovre.

1      Defendants shall address this issue in a response to the motion to reconsider, not to

2  exceed seven pages, by October 14, 2014.  No reply shall be filed unless ordered.

3      Dated this 7th day of October, 2014.

_____
David G. Campbell
United States District Judge