**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KnightBrook Insurance Company and Knight Management Insurance Services, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Payless Car Rental System, Inc.; PCR Venture of Phoenix, LLC, <br><br> Defendants. | No. CV12-1671 PHX DGC <br><br> **ORDER** |

In an order dated September 3, 2014, the Court held that Plaintiffs' assigned negligence claims were barred by Arizona's two-year statute of limitations for tort claims. Doc. 261. Plaintiffs filed a motion for reconsideration, arguing that the Court misapprehended Bovre's relationship with attorney Collins. Doc. 261. The Court denied the motion in part on October 7, 2014. Doc. 266. At the Court's request, Defendants filed a response to remaining parts of the motion, Plaintiffs filed a reply, and Defendants filed a surreply. Docs. 282, 295, 297. Having considered this briefing and the summary judgment record, the Court will grant Plaintiffs' motion and deny Defendants' request for summary judgment on the negligence claims.

For the statute of limitations to be triggered, Bovre must have had knowledge sufficient to identify that (1) a wrong had occurred and (2) caused injury. *Walk v. Ring*, 404 P.3d 990, 996 (Ariz. 2002). The Court previously held that, by June 24, 2010, Bovre had sufficient knowledge that a wrong had occurred. He knew of the desk agent's

1  alleged negligence in failing to complete the paperwork in a way that clearly provided
2  him with SLI coverage, and he knew that he faced significant personal liability due to the
3  accident with the McGills.  Doc. 266 at 2.  The remaining question is whether Bovre had
4  suffered "appreciable, non-speculative harm" before June 28, 2010, two years before his
5  claim was filed.  *See Commercial Union Ins. Co. v. Lewis & Roca*, 902 P.2d 1354, 1358
6  (Ariz. 1995).

In their summary judgment briefing, Defendants argued that Bovre's injury occurred in February 2010 when the desk agent negligently failed to provide him with SLI coverage.  Doc. 237 at 5.  At the latest, they argued, Bovre was injured in March 2010 when he caused injuries to the McGills without SLI coverage.  *Id.*  Arizona cases make clear, however, that a plaintiff must not only suffer injury, but must also know of the injury before the limitations period is triggered.  *Walk*, 404 P.3d at 996 (plaintiff must possess a "minimum requisite of knowledge" that a wrong occurred "and caused injury").  Defendants' summary judgment briefing did not show that Bovre knew of any SLI-related injury when he rented the vehicle or caused the accident.

The Court previously concluded that Bovre suffered appreciable injury before June 28, 2010 because he retained an attorney before that date to pursue SLI coverage.  Doc. 261 at 6 n.2.  The Court's reasoning was that the act of retaining an attorney and committing to pay the attorney an hourly or contingent fee was a sufficiently appreciable harm to trigger the limitations period.  The Court relied for its conclusion on Defendants' representation that Bovre had retained attorney Collins.  *See* Doc. 237 at 4.  As Plaintiffs pointed out in their motion for reconsideration, however, evidence in the summary judgment record shows that attorney Collins was retained by Travelers, not by Bovre.  Doc. 194-10.  Although Bovre apparently relied on Collins to pursue SLI coverage, nothing in the record suggests that he made a financial commitment to Collins.  The Court therefore concludes that its prior holding was based on an error of fact.[1]

---

[1] Defendants argue that Plaintiffs never asserted in the summary judgment briefing

1   As the Court has reviewed Arizona law in connection with this motion, the Court has concluded that the most analogous line of Arizona cases are those concerning legal malpractice. In such cases, a lawyer's error often becomes clear before the consequences of that error are known. Arizona courts generally hold that the claim does not accrue at the point when the negligence is known, but at the later date when the injurious effects of the negligence become clear. *See Commercial Union*, 902 P.2d at 1358-62 (citing and discussing cases). This case is similar. Although Bovre knew before June 28, 2010 that the desk agent's negligence potentially exposed him to greater liability resulting from the accident with the McGills, Bovre did not know at that time that he actually lacked SLI coverage. In fact, the letter written by attorney Collins on June 24, 2010 asserted that SLI coverage existed. Doc. 194-10. It was not until SLI coverage was denied that Bovre knew the consequences of the desk agent's error.

Arizona case law explains that a possible injury is not sufficient to trigger the limitations period. "[N]egligence that results in no immediate harm or damage delays accrual of the cause of action until such damage is sustained." *CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 7 P.3d 979, 982-83 (Ariz. Ct. App. 2000) (citations omitted). The damage must be "more than merely the 'threat of future harm.'" *Id*. (citation omitted). Even more to the point, Arizona courts hold that "[h]arm is actual and appreciable when it becomes irremediable [or] 'irrevocable.'" *Commercial Union*, 902 P.2d at 1358 (citations omitted). Before SLI coverage was denied, any injury caused by the desk agent's alleged negligence was not irremediable. The insurance company could have decided to provide SLI coverage, in which event Bovre would not have been injured by the agent's actions. The Court concludes that Bovre did not suffer an appreciable,

---

that Collins had been retained by Travelers, and that Plaintiffs cannot raise a new argument for the first time in a motion for reconsideration. Doc. 282 at 4. Although both of these assertions are true, the fact remains that the basis for the Court's prior ruling – that Bovre incurred the financial commitment of retaining counsel – was incorrect. Defendants do not now argue otherwise. The Court cannot grant summary judgment on the basis of a mistake of fact, and thus has considered Plaintiffs' motion. Nor can the Court conclude that Plaintiffs should have anticipated the Court's mistake and addressed it before is happened.

non-speculative, SLI-related injury before June 28, 2010.[2]

Defendants assert two other kinds of injury in their response to the motion for reconsideration. They argue that Bovre was injured by having to invest time and effort in pursuing SLI coverage even if he did not actually retain attorney Collins, and that Bovre suffered anxiety and emotional distress from the exposure he faced due to the desk agent's negligence. There are two problems with these arguments. First, they were not made in Defendants' motion for summary judgment. *See* Docs. 193, 237. A motion for reconsideration is not the place to make new arguments not raised in the original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Second, the summary judgment record does not establish as a matter of undisputed fact when Bovre began investing appreciable time and effort in pursuing SLI coverage or when he began experiencing anxiety and emotional distress.

The Court cannot conclude as a matter of undisputed fact that Bovre suffered an appreciable, non-speculative injury before June 28, 2010. The Court therefore will grant the motion for reconsideration (Doc. 264) and deny the motion for summary judgment on Plaintiffs' negligence and negligent misrepresentation claims.

Dated this 27th day of October, 2014.

_____
David G. Campbell
United States District Judge

---

[2] The Court recognizes, as Defendants argue in their surreply, that Bovre did not need to experience or know the full extent of his injury for the limitations period to be triggered. *Commercial Union*, 902 P.2d at 1359. But he must have experienced some appreciable, irremediable injury, and the evidence provided in the summary judgment briefing does not show that such an injury occurred before June 28, 2010. Contrary to Defendants' argument, the "cloud" over his SLI coverage was not enough to trigger the limitations period. Doc. 297 at 5. *See CDT*, 7 P.3d at 982-83 (the damage must be "more than merely the 'threat of future harm.'") (citation omitted).