**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KnightBrook Insurance Company and Knight Management Insurance Services, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Payless Car Rental System, Inc.; PCR Venture of Phoenix, LLC; ABC Corporations I-X; XYZ Partnerships I-X.<br><br>Defendants. | No. CV-12-01671-PHX-DGC<br><br>**ORDER** |

Plaintiffs have filed a motion for attorneys' fees. Doc. 380. Defendants have filed a motion to alter or amend the judgment pursuant to Rules 52(b) and 59(e). Doc. 384. The motions are fully briefed, and no party has requested oral argument. The Court will grant Defendants' motion to amend the judgment and award attorneys' fees of $41,145.

**I.   Background.**

The parties in this case, KnightBrook Insurance Company and Knight Management Insurance Services, LLC (collectively, the "Knight entities"), and Payless Car Rental System, Inc. and PCR Venture of Phoenix, LLC (collectively, the "Payless entities"), were originally sued by Robert and Lorraine McGill for negligence, negligent misrepresentation, breach of contract, and bad faith, among other claims. The Knight entities entered into a settlement with the McGills for $970,000, and then asserted claims against the Payless entities for breach of contract, negligent misrepresentation,

1  negligence, and equitable indemnification, among others.  The Payless entities filed a
2  counterclaim against the Knight entities for insurance bad faith.

3  At the conclusion of a bench trial, the Court entered judgment in favor of the
4  Knight entities on their claim for equitable indemnification, finding the Payless entities
5  liable for the entire $970,000.  Docs. 376, 377.  The Court ruled against the Knight
6  entities on all of their other claims, and found in favor of the Knight entities on the
7  Payless entities' claim for insurance bad faith.  Doc. 376 at 7, 12, 24.

8  In its order awarding the Knight entities $970,000, the Court also found that they
9  were entitled to recover some attorneys' fees:

> "The general rule is that attorney's fees and costs are recoverable as part of the indemnification." *Schweber Electronics v. Nat'l Semiconductor Corp.*, 850 P.2d 119, 125 (Ariz. Ct. App. 1992).  There is, however, an important limitation: "the right of indemnity includes a right to attorney's fees incurred in defending the underlying claim, but does not include the right to fees incurred in establishing the right of indemnity." *INA Ins.*, 722 P.2d at 983; *see also Howard P. Foley Co. v. Employers-Commercial Union*, 488 P.2d 987, 990 (Ariz. Ct. App. 1971) ("[L]egal fees and expenses incurred in connection with trial of the issue of indemnity are not recoverable by the indemnitee.").  The Knight entities will be awarded the attorneys' fees they incurred in defending against the McGills' second lawsuit, but not the fees incurred in pursuing their claim against the Payless entities.

Doc. 376 at 23.

The Knight entities have now filed a memorandum seeking attorney's fees.  Doc. 380.  They seek two categories of fees:  $107,424.00 incurred in defending against the McGills' lawsuit and $68,575.33 incurred in defending against the Payless entities' counterclaim for bad faith.  Doc. 389 at 9; Doc. 390 at 1.  The Knight entities do not seek to recover fees incurred in litigating their various claims – including their successful claim for equitable indemnification – against the Payless entities.  Doc. 380 at 5.

The Payless entities have filed a motion to alter or amend the Court's judgment.  They ask the Court to hold that the Knight entities cannot recover fees as part of their

damages in the indemnity claim because the Knight entities failed to include such relief in the joint pre-trial order. Doc. 384. In response, the Knight entities clarify that they do not seek to recover any fees as damages. Doc. 389 at 4 ("The issue regarding [the Knight entities'] attorneys' fees was not included in the [final pretrial order], and witnesses and exhibits were not disclosed concerning proving-up attorneys' fees as damages, because they were not and are not sought in that context."). Rather, the Knight entities seek both categories of their fees under A.R.S. § 12-341.01. Doc. 389.

## II.      Motion to Alter or Amend Judgment.

As quoted above, the Court's order awarding $970,000 to the Knight entities also held that they could recovery attorneys' fees incurred in defending against the McGill lawsuit. The Court found these fees to be recoverable as indemnification damages. The Court relied on *Schweber Electronics v. Nat'l Semiconductor Corp.*, 850 P.2d 119 (Ariz. Ct. App. 1992), which held that "attorney's fees and costs are recoverable *as part of the indemnification*." *Id*. at 125 (emphasis added); Doc. 376 at 23.

When the Court entered this order, it was not aware that the Knight entities had failed to preserve their right to attorneys' fees as indemnification damages in the final pretrial order. Because a claim for damages not included in a final pretrial order is waived, *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 (2007), the Court will, by this order, amend its previous order's suggestion that the Knight entities may recover attorneys' fees as indemnification damages. Such damages are not available given the waiver in the final pretrial order. The Court must therefore consider whether the Knight entities can recover the fees incurred in defending against the McGill lawsuit, and in defeating the Payless entities' bad faith claim, under A.R.S. § 12-341.01.[1]

---

[1] As already noted, the Knight entities' response to the motion to amend the judgment does not argue that the Knight entities are entitled to recover their attorneys' fees as indemnification damages. Doc. 389 at 4. The response instead asserts that they can recover their fees under A.R.S. § 12-341.01. *Id.* To the extent that some of the Knight entities' other briefing could be read to argue that they can recover attorneys' fees as indemnification damages through post-trial briefing (*see, e.g.* Doc. 390 at 7), the Court does not agree. Fees sought as indemnification damages must be proved at trial. *United States Indus., Inc. v. Blake Constr. Co. Inc.*, 765 F.2d 195 (D.C. Cir. 1985) (barring claim for attorneys' fees sought in indemnity because the claimant failed to present evidence of

- 3 -

**III.   Motion for Attorneys' Fees.**

   **A.   Legal Standard.**

"In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). The Court has discretion regarding an award of attorneys' fees. *See Wilcox v. Waldman,* 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

   **B.   The Knight Entities' Claim for $107,424.00.**

The Knight entities seek to recover $107,424.00 in fees they incurred in defending against the action brought by the McGills. Although these fees might have been recoverable as indemnification damages if the Knight entities had preserved that claim, the Court is not persuaded that they can be recovered under A.R.S. § 12-341.01.

When this case was first filed, the McGills were the plaintiffs the Knight and Payless entities were defendants. Doc. 1-2 at 36. The Knight entities' answer to the original complaint (Doc. 7) and their amended answer to the McGills' amended complaint (Doc. 92) made no claims or allegations against the Payless entities. Rather, the Knight and Payless entities asserted the same defenses against the McGills (Doc. 30 at 6) and even jointly filed a motion to dismiss the McGills' complaint (Doc. 57). It was not until the Knight entities settled with the McGills for $970,000, and the Payless entities refused to contribute to the settlement, that the Knight and Payless entities became adverse. The Knight entities moved under Rule 25 to be substituted as plaintiffs in this action in place of the McGills and to assert a second amended complaint against the Payless entities. Doc. 109. The Court granted the motion, realigned the parties, and the litigation between the Knight and Payless began. Docs. 114, 116. Thus, the

---

the attorneys' fees as damages during trial); *Carolina Power & Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354 (4th Cir. 2005) (holding that legal costs sought under indemnity constitute an element of damages to be proved at trial); *Federal Agricultural Mortgage Corp. v. It's A Jungle Out There, Inc.*, No. C 03-3721 BZ, 2006 WL 1305212, at *4 (N.D. Cal. May 9, 2006) (attorneys' fees must be proved as damages in connection with a claim for indemnification). And to the extent the Knight entities suggest that Rule 54(d)(2)(A) permits them to seek fees as indemnification damages by motion, they are wrong. That rule does not apply where the "substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

- 4 -

$107,424.00 was incurred by the Knight entities at a time when the Knight and Payless entities were not adverse.

"In order for a party to recover attorneys' fees under A.R.S. § 12–341.01, it is necessary that the parties be adverse." *Pioneer Roofing Co. v. Mardian Const. Co.*, 733 P.2d 652, 663 (Ariz. Ct. App. 1986) (citing *Nationwide Resources Corp. v. Ngai*, 630 P.2d 49, 55 (Ariz. Ct. App. 1981)). Adversity "is not determined solely from the parties' alignment in the pleadings, but rather must be ascertained from the opposing positions or interests of the parties." *Id*. Before the Knight entities moved to be substituted as plaintiffs in this action, they not only were aligned with the Payless entities as defendants, they were also asserting a joint defense. The essence of that defense was that no contract had been created between the Knight and Payless entities on one hand, and Bovre (the McGills' assignor) on the other hand. Doc. 30 at 6; Doc. 57. Because the Knight entities were not adverse to the Payless entities while the $107,424.00 in fees were incurred, they cannot recover those fees under § 12-341.01.

In addition, the fee statute permits an award of fees only to the "successful party." A.R.S. § 12-341.01. The Court cannot conclude that the Knight entities were successful parties in the portion of the litigation that resulted in their paying $970,000 to the McGills. Although the Knight entities prevailed in the second half of the litigation when they sued the Payless entities for indemnification, the Court cannot conclude that they were the "successful party" within the meaning of the statute during the first portion.

For these reasons, the Court concludes that the Knight entities are not entitled to recover their claimed $107,424.00 in fees under § 12-341.01.

### C. The Knight Entities' Claim for $68,575.33.

The Knight entities seek $68,575.33 in fees they incurred in defending against the Payless entities' counterclaim for insurance bad faith. In litigating this claim, the parties clearly were adverse and the Knight entities were successful. In addition, a claim of insurance bad faith arises out of contract within the meaning of § 12-341.01. *See Sparks*

- 5 -

*v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1142 (1982).[2] Therefore, § 12-341.01 permits the Court to award reasonable attorneys' fees to the Knight entities.

In deciding whether to award attorneys' fees under § 12-341.01, courts consider the merits of the unsuccessful party's claim, whether the successful party's efforts were completely superfluous in achieving the ultimate result, whether assessing fees against the unsuccessful party would cause extreme hardship, whether the successful party prevailed with respect to all relief sought, whether the legal question presented was novel or had been previously adjudicated, and whether a fee award would discourage other parties with tenable claims from litigating. *Am. Const. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F. Supp. 2d 1100, 1106-07 (D. Ariz. 2009) (citing *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985)).

Considering these factors, the Court concludes that the Knight entities are entitled to a fee award for defending against the bad faith claim. Although not completely meritless, the Court had little difficulty disposing of the claim. Doc. 376 at 19-20. Indeed, the Court held that the Payless entities "clearly were not covered" by the insurance contract with the Knight entities as alleged. *Id.* at 20. The Knight entities' efforts were not superfluous in obtaining victory on this claim, assessing fees would not cause extreme hardship to the Payless entities, the Knight entities prevailed completely on this claim, the legal issues in the bad faith claim were not novel, and assessing fees would not, in the Court's judgment, discourage companies like the Payless entities from asserting their rights in court. *Warner*, 694 P.2d at 1184.

Counsel for the Knight entities states that he made an estimate of the time devoted to the bad faith claim, but admits that it is not completely accurate given the combined

---

[2] As the Arizona Supreme Court held in *Sparks*, "the tort of bad faith cannot be committed absent the existence of an insurance contract and a breach thereof. Because the existence of the tort is so intrinsically related to the contract, we conclude that an action alleging [an] insurer's bad faith is one 'arising out of a contract' within the meaning of § 12-341.01(A)." 647 P.2d at 1142. In this case, as part of their bad faith and other arguments, the Payless entities asserted that the Knight entities were their insurer under an insurance contract. The Court ultimately rejected this argument (Doc. 376 at 19-20, 24), but it clearly was premised on a contract.

- 6 -

billing done on the several claims and defenses at issues in this case. Doc. 380-5 at 6. He states that one-half of these combined time entries, including those for trial, were attributed to the bad faith claim. *Id.* The Court views this as too high a percentage in light of the number of other claims and defenses in this case and the amount of time in trial devoted to other issues. Exercising its discretion, the Court will reduce the requested amount by 25% because of this combined billing issue.

In addition, contrary to LRCiv 54.2(e)(1)(B), which requires separate time entries for "each individual unrelated task," many of the time entries made by counsel for the Knight entities includes several tasks within a single block of time. The Court will reduce the fee award by another 15% because of this failure to comply with the local rules.

The Court views the resulting amount of $41,145 ($68,575.33 x 60%) to be a reasonable fees award. In light of this substantial reduction, the Court finds the Payless entities' other arguments on reasonableness to be unpersuasive.[3]

**IT IS ORDERED:**

1. The Payless entities' motion to alter or amend the judgment (Doc. 384) is **granted**.
2. The Knight entities' motion for attorneys' fees (Doc. 380) is **granted in part and denied in part**. The Knight entities are awarded fees of $41,145.
3. The Clerk is directed to terminate this action.

Dated this 1st day of July, 2015.

_____
David G. Campbell
United States District Judge

---

[3] The Knight entities also seek $1,807.55 in costs, but counsel's affidavit attributes these costs to defense of the McGill claim, for which recovery is not allowed in this order. *See* Doc. 380-5 at 5.

- 7 -