**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KnightBrook Insurance Company; and Knight Management Insurance Services, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Payless Car Rental System, Inc.; and PCR Venture of Phoenix, LLC,<br><br>Defendants. | No. CV12-01671-PHX-DGC<br><br>**ORDER** |

Defendants Payless Car Rental System, Inc. and PCR Venture of Phoenix, LLC (together, "Payless") seek to recover attorneys' fees under A.R.S. § 12-341.01 from Plaintiffs KnightBrook Insurance Company and Knight Management Insurance Services, LLC (collectively, "KnightBrook"). Doc. 457. Payless seeks to recover fees for its ultimately successful defense against KnightBrook's claim for equitable indemnity. *See* Doc. 444. The motion is fully briefed, and no party requests oral argument. The Court will grant the motion in part.[1]

**I.   Section 12-341.01.**

Section 12-341.01 provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney

---

[1] Relevant background facts can be found in *KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 356 F. Supp. 3d 856 (D. Ariz. 2018).

fees." A.R.S. § 12-341.01(A). The parties disagree on whether KnightBrook's equitable indemnity claim arises out of contract. To resolve this issue, the Court must consider whether the claim would exist but for a breach of a contract. *See Schwab Sales, Inc. v. GN Constr. Co.*, 992 P.2d 1128, 1132 (Ariz. 1998); *In re Gorilla Companies LLC*, No. CV10-1029-PHX-DGC, 2011 WL 5519910, at *3-4 (D. Ariz. Nov. 14, 2011). If KnightBrook's claim would not exist but for a contract, then the claim arises out of the contract and § 12-341.01 applies. *Id.*

KnightBrook's equitable indemnity claim arose out of contract. The Ninth Circuit and Arizona Supreme Court ruled in this case that KnightBrook could obtain equitable indemnity from Payless only if it discharged an "actual obligation" of Payless. *See KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 356 F. Supp. 3d 856, 858 (D. Ariz. 2018). KnightBrook argued that the actual obligation of Payless arose from the SLI policy – a contract of insurance created at the time of the car rental. *See, e.g.*, Docs. 433 at 2 (for KnightBrook to prevail, the Court "must find that . . . [Payless] and KnightBrook were actually liable to Michael Bovre *on the breach of contract claim* for failing to provide SLI coverage"); 441 at 8 ("KnightBrook paid to fix that mistake, thereby extinguishing the parties' coextensive *contractual liability*.") (emphasis added). The equitable indemnification claim would not have existed without the alleged SLI policy.

Plaintiffs' citations to equitable indemnity law, including the Court's order of April 1, 2015, are not relevant. *See* Docs. 376 at 23, 460 at 2. Defendants seek to recover attorneys' fees under § 12-341.01, not under traditional indemnity law.

Nor are the parties' and the Court's previous assertions with respect to § 78 of the Restatement First of Restitution relevant. That section required only that an indemnification plaintiff discharge a "supposed obligation" of the indemnification defendant. *See* Restatement (First) of Restitution § 78 (1937); *KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 100 F. Supp. 3d 817, 829 (D. Ariz. 2015), *aff'd in part, vacated in part*, 731 F. App'x 632 (9th Cir. 2018). The Arizona Supreme Court, on referral from the Ninth Circuit, declined to adopt that approach and instead required that

the indemnification plaintiff discharge an "actual obligation" of the indemnification defendant. *KnightBrook Ins. Co. v. Payless Car Rental Sys. Inc.*, 409 P.3d 293, 295 (Ariz. 2018). The "actual obligation" asserted by Plaintiffs, as discussed above, is a contract – the SLI policy – bringing the equitable indemnification claim within the scope of § 12-341.01.

II. ***Warner* Factors.**

Payless seeks an award of fees for the work of the Taylor Anderson firm in the amount of $21,066.20, for the Covington firm in the amount of $134,408.00, and for the Gust Rosenfeld firm in the amount of $5,820.00, for a total of $161,294.20. Doc. 457. As explained in the motion, this fee request has been substantially discounted from actual fees incurred in this case. *See* Doc. 457. In *Associated Indem. Corp. v. Warner*, 694. P.2d 1181 (Ariz. 1985), the Arizona Supreme Court identified several factors the Court should consider in deciding whether to award fees under § 12-341.01. These include: (1) the merits of the claim or defense presented by the unsuccessful party; (2) whether the litigation could have been avoided or settled and whether the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) the novelty of the legal question presented; (6) whether the claim or defense had previously been adjudicated in this jurisdiction; and (7) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for the opposing party's fees. *Id*. at 1183-84.

KnightBrook makes various arguments with respect to the *Warner* factors, but the Court does not find them persuasive. Doc. 400 at 4-6. On the first factor, Payless prevailed on the merits of all of KnightBrook's claims. Although KnightBrook prevailed on an interim basis with respect to its indemnification claim, it ultimately was unsuccessful. This factor is neutral. Second, both parties identify settlement opportunities the other side rejected. Payless notes, however, that it felt compelled to

litigate this case to a conclusion in order to avoid an adverse precedent with respect to its many existing SLI policies. This is not a situation where the successful party's efforts were completely superfluous in achieving the result. This factor favors an award of fees. The third and fourth factors also favor a fee award. KnightBrook does not assert that a fee recovery in this case would cause it extreme hardship and Payless prevailed entirely on the equitable indemnity claim for which it seeks fees, and on all other claims asserted by KnightBrook. Fifth, novel legal questions were litigated by both sides. This factor is neutral. Sixth, the claims and defenses had not been previously litigated in this jurisdiction, and, as noted, Payless felt compelled to litigate them fully in order to protect its business interest in many other SLI policies. This factor favors a fee award. And finally, this was a lawsuit between two large and sophisticated corporations, so an award of fees would not discourage tenable claims or defenses. This factor also favors a fee award.

Five of the seven factors identified by the Arizona Supreme Court in *Warner* favor awarding attorneys' fees in this case. 694 P.2d at 1184. The Court will award fees.

### III. Discretionary Adjustments to the Fee Award.

KnightBrook has not shown that attorney Nesbitt's later disciplinary problems affected his billings in this case. The Court will, however, reduce the Taylor Anderson fees by $1,000 in light of the block billing by Mr. Williams.[2]

The hourly rates charged by the Covington firm are excessive for the Phoenix legal market and for this case. The Court will reduce the Covington fees by 25% to bring them in line with fees typically seen in this Court.

Finally, the Court concludes that the Gust Rosenfeld fees include some degree of unnecessary duplication of work performed by Covington lawyers, and therefore will reduce the Gust Rosenfeld fees by 25%.

---

[2] This represents a one-third reduction in the amount Payless seeks for Mr. Williams' time ($15,234 x .20 (the discount offered by Payless) = 3,046.80 x .33 = $1,005.44). *See* Doc. 461 at 8 n.6. The Court does not ascribe to the one-tenth reduction suggested by the parties for block billing. *Id.*

The Court accordingly will award Payless $20,066.20 for the work of Taylor Anderson, $100,806.00 for the work of Covington, and $4,365.00 for the work of Gust Rosenfeld, for a total of $125,237.20.

**IT IS ORDERED** that Defendants' motion for attorneys' fees (Doc. 457) is **granted in part and denied in part**. Defendants are awarded $125,237.20 in attorneys' fees against Plaintiffs. The Clerk is directed to enter judgment accordingly and terminate this action.

Dated this 22nd day of October, 2019.

David G. Campbell
Senior United States District Judge